# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MARIE ANN RUIZ,

        Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

DECISION & ORDER

18-CV-6563-MJP

## PRELIMINARY STATEMENT

**Pedersen, M.J.** Plaintiff Marie Ann Ruiz ("Plaintiff" or "Ruiz") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income Benefits ("SSI") pursuant to Titles II and XVI of the Social Security Act 42 U.S.C., Chapter 7, respectively. The parties have consented to the disposition of this case by a United States Magistrate Judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 17.)

## BACKGROUND

On October 21, 2014, Ruiz filed applications for disability insurance benefits and SSI benefits. She alleged disability as of June 3, 2013. Her claims were denied initially on February 11, 2015. Plaintiff filed a written request for a hearing on March 30, 2015. On February 15, 2017, she appeared before an Administrative Law

Judge ("A.L.J.") for a hearing, at which Plaintiff testified. (Record[1] ("R.") 31–93.) The A.L.J. issued an unfavorable decision on July 19, 2017. (R. 8–28.) The Appeals Council denied review and this timely action followed. (R. 1–5.)

## DISCUSSION

*Standard of Review*

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means

---

[1] Refers to the Record of Proceedings from the Social Security Administration, filed on Nov. 23, 2018, ECF No. 6.

2

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the Court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1)  whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

***The A.L.J.'s Decision***

After reviewing the medical and non-medical evidence of record, the A.L.J. issued a decision outlining the five-step process of her disability determination. She concluded at step one of the sequential evaluation that, although Plaintiff had worked in 2015, it did not rise to the level of substantial gainful activity. (R. 13.) At step two, the A.L.J. determined that Plaintiff had the "severe" impairments of vascular insufficiency, deep vein thrombosis, phlebitis, degenerative disc disease of the lumbar spine, obesity, and status post pulmonary embolism. (R. 14.) At step three, the A.L.J. found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 16–17.) The A.L.J. next formulated Plaintiff's residual functional

4

capacity ("RFC") a description of Plaintiff's functional abilities and limitations required for steps four and five in the evaluation process. The A.L.J. found that Plaintiff was limited to a range of sedentary work within the following parameters:

> Sit, stand, and walk each for four hours in an eight-hour workday; Work that allowed for alternating between sitting and standing every 60 minutes for up to five minutes without leaving the work station and allowed three additional, short less than five minute breaks beyond regularly scheduled breaks; Work that allowed her to raise her legs to the height of a footstool (12 to 14 inches); No climbing ropes, ladders, or scaffolds; No kneeling, crawling, or balancing on narrow, slippery or moving surfaces; Occasional stooping, crouching, and climbing stairs; and Occasional exposure to extreme heat and cold, wetness, and humidity.

(R. 17.) At step four, the A.L.J. found that with that RFC Plaintiff could perform her past relevant work as a night auditor. (R. 22–23.) Relying on vocational expert testimony in an alternative step five finding, the A.L.J. found Plaintiff retained the ability to perform representative unskilled sedentary occupations such as order clerk and telephone quotation clerk. (R. 23–24.) Thus, the A.L.J. concluded that Plaintiff was not disabled through the date of her decision. (R. 24.)

### *The A.L.J.'s Analysis of Treating Physician Stacy Hom, M.D.*

Ruiz raises three complaints about the A.L.J.'s decision: misapplication of the Treating Physician Rule; the A.L.J. relying on her own lay judgment; and the A.L.J.'s improper assessment of Plaintiff's credibility. Only the issue of application of the Treating Physician Rule with regards to Dr. Stacy Hom will be addressed here.

## ANALYSIS

The Treating Physician Rule provides that an A.L.J. must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other

5

substantial evidence in the record. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2). In considering a treating physician's opinion, an A.L.J. is required to consult the factors listed in 20 C.F.R. § 404.1527, including

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran*, 362 F.3d at 32. At the administrative level, the A.L.J. alone assesses RFC based on all relevant evidence of record, not just medical opinions. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the A.L.J.); *accord Johnson v. Colvin*, 669 F. App'x 44, 46–47 (2d Cir. 2016) (summary order) (citing 20 C.F.R. § 416.945(a)(3) (explaining that an A.L.J. looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC).

The A.L.J. considered Stacy Hom, M.D., to be a treating physician. (R. 21.) Dr. Hom provided four treating opinions. The first, dated August 15, 2013, opined that "sitting at [a] desk, standing for long periods" were contraindicated by Plaintiff's medical conditions. (R. 533.) Dr. Hom also opined that Plaintiff was moderately limited (two to four hours total) in each of walking, standing, pushing, pulling, bending, and lifting, or carrying; and very limited (one to two hours total) in sitting. (R. 535.) In her later opinions dated March 3, 2014; August 19, 2014; and January 19, 2015, Dr. Hom opined that Plaintiff was very limited (one to two hours total) in

6

each of the following activities: walking, standing, sitting, pushing/pulling/bending, and lifting/carrying. (R. 540, 544, 548).

The A.L.J. dealt with all of Dr. Hom's opinions at once, giving little weight to these opinions, finding that "they are vague, conclusory, do not cite any specific evidentiary support for the noted limitations, and merely involved checking off checkboxes, without any significant narratives or observations to explain or establish the adopted limitations." (R. 21–22).

The A.L.J.'s rejection of Dr. Hom's repeated opinions is conclusory. She cites no specific evidence in support of her decision to reject the opinion. See *Crutch v. Colvin*, No. 14-CV-3201 (SLT), 2017 WL 3086606, *8 (E.D.N.Y. July 19, 2017) ("This conclusory, one-sentence explanation does not fulfill the A.L.J.'s obligation under the treating physician rule. . . . Without specific citations to the medical record identifying specific portions that are inconsistent, the Court cannot properly review the A.L.J.'s decision, and claimants are deprived of an adequate understanding of the reasoning behind the disposition of their cases.") (citing *Morgan v. Colvin*, 592 F. App'x 49, 50 (2d Cir. 2015) (Summ. Order); *Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 (2d Cir. 2010) (Summ. Order); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (remanding for the Commissioner to provide an explanation of why the treating physicians' opinions were not credited)); *Marchetti v. Colvin*, No. 13-CV-02581 (KAM), 2014 WL 7359158, *13 (E.D.N.Y. Dec. 24, 2014) (remanding for A.L.J.'s failure to specify what portions of the record were inconsistent with treating physician's opinion).

The A.L.J.'s reason stated above is insufficient because, standing alone, it does not indicate that the A.L.J. actually considered the regulatory factors in assessing Dr. Hom's opinion. Although the A.L.J. acknowledged that Dr. Hom was a treating source, her discussion does not indicate how this played into her decision to give "little" weight to the opinion, and the A.L.J.'s conclusory reasoning indicates only that she considered one factor—consistency—in rejecting the opinion. This reasoning was deficient. *Jackson v. Colvin*, No. 1:14-CV-00055 (MAT), 2016 WL 1578748, *6 (W.D.N.Y. Apr. 20, 2016) ("[T]he A.L.J. failed to apply any of the other factors [besides consistency] in determining what weight to accord Dr. Dao's three opinions, all of which were required to be analyzed according to the treating physician rule. Moreover, although 'slavish recitation of each and every factor [is not required] where the A.L.J.'s reasoning and adherence to the regulation are clear,' here, it is not clear that the A.L.J. applied the substance of the treating physician rule, as he was required to do.").

Another issue is the A.L.J.'s discounting of Dr. Hom's opinions because they "merely involved checking off checkboxes, without any significant narratives or observations to explain or establish the adopted limitations." (R. 21–22.) This is not a good reason to give little weight to the treating physician's opinion. Recently, in *Czerniak v. Berryhill*, No. 17-CV-6123 (JWF), 2018 WL 3383410, *3 (W.D.N.Y. Jul. 11, 2018), this Court addressed the propriety of checkbox forms and concluded that rejection simply based on the fact that a form involved checking boxes is not proper.

8

> It seems common sense that the usefulness of a such a form is not dependent so much on how the opinion is expressed (narrative or checked box). Rather, the usefulness of such a form should be determined by deciding whether the medical opinion expressed is relevant to a determination of disability and then assessing what basis the provider would have in deciding which box to "check." Here, Dr. Devine was plaintiff's treating physician for *several years* and thus personally treated plaintiff on many occasions. Those visits obviously formed the basis for Dr. Devine's medical opinions that the A.L.J. chose to assign only "little weight." In the context of a busy treating physician who has seen a claimant multiple times and who maintains office notes and test results to support the opinions expressed, the use of a checked box format is hardly surprising and certainly not disqualifying. Moreover, if the A.L.J. felt the form lacked sufficient "narrative," he could have contacted Dr. Devine and requested additional information.

*Id.* (emphasis in original). This exact reasoning applies here. *See id.* ("Simply put, 'there is no authority that a "check-the-box" form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments.'") (quoting *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017)). As the A.L.J.'s reason for limiting the weight of Dr. Hom's opinion was conclusory, as well as incorrectly discounted the opinions for being checking boxes, the matter must be remanded to address those issues.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 9) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 14). Pursuant to the fourth sentence of 42 U.S.C. § 405(g) this matter is remanded for an expedited hearing. The Clerk of the Court is directed to enter judgment in Plaintiff's favor and close this case.

IT IS SO ORDERED.

9

/s/ Mark W. Pedersen
MARK. W. PEDERSEN
United States Magistrate Judge

Dated: March 26, 2020
        Rochester, New York